Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| JAVIER O. PIÑEIRO DELIZ Y OTROS<br><br>Recurrentes<br><br>v.<br><br>JUNTA DE DIRECTORES DEL CONDOMINIO BELLA MARE Y OTROS<br><br>Recurridos | TA2025RA00371 | *Revisión Administrativa* procedente del Departamento de Asuntos del Consumidor<br><br>Sobre: Ley de Condominios<br><br>Caso Núm. C-SAN-2023-0017605 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de enero de 2026.

La parte recurrente, el señor Joel A. Piñeiro Colón, comparece ante nos para que dejemos sin efecto la *Resolución* emitida por el Departamento de Asuntos al Consumidor (en adelante, DACo), el 27 de octubre de 2025. Mediante la misma, el referido organismo, desestimó la *Querella Enmendada* instada por la parte recurrente en contra de la parte recurrida, la Junta de Directores del Condominio Bella Mare y/o el Consejo de Titulares del Condominio Bella Mare.

Por los fundamentos que expondremos a continuación, se revoca la *Resolución* administrativa recurrida.

**I**

Según surge, el 31 de enero de 2024, la parte recurrente presentó la *Querella Enmendada* de epígrafe. En esta, sostuvo que el señor Javier O. Piñeiro Deliz era dueño en pleno dominio del Apartamento 5-H del Condominio Bella Mare. Esbozó que, desde el año 2016, la Junta de Directores del Condominio incurrió en múltiples actuaciones negligentes y culposas relacionadas con la administración del inmueble y el manejo de las obligaciones del

titular. En particular, alegó que la Junta dispuso indebidamente de fondos vinculados a un "Reverse Mortgage" que había gestionado; facturó y cobró partidas que afirmó ya habían sido satisfechas; continuó reflejando balances incorrectos en las facturas de mantenimiento sin aplicar descuentos ni créditos que entendía procedentes; removió y dispuso, sin autorización, de dos vehículos de su propiedad; y permitió el acceso a su apartamento a otro titular del Condominio sin su consentimiento, lo que, según alegó, culminó en daños a las paredes de los baños del apartamento.

Esbozó que dichas actuaciones ocurrieron mientras el señor Piñeiro Deliz se encontraba recluido por razones de salud mental, circunstancia que, según sostuvo, la Junta de Directores habría aprovechado para restringirle el acceso a su apartamento, obligándolo a incurrir en gastos de vivienda alterna desde el año 2018 hasta la fecha de la presentación de la querella de epígrafe.

A base de lo anterior, la parte recurrente reclamó el pago de daños económicos y daños por angustias mentales por una suma total de ciento ochenta y cinco mil dólares ($185,000.00), solicitó el ajuste del balance adeudado por concepto de cuotas de mantenimiento al monto de nueve mil ciento cincuenta y un dólares con veintiocho centavos ($9,151.28), y reclamó, además, la imposición de costas, gastos y honorarios de abogado por una suma no menor de sesenta mil dólares ($60,000.00).

Por su parte, el 1 de octubre de 2024, la parte recurrida presentó su *Contestación a Querella Enmendada.* En esencia, negó la mayoría de las alegaciones formuladas en su contra y sostuvo que sus actuaciones se realizaron conforme a la *Ley de Condominios de Puerto Rico,* Ley Núm. 129-2020, según enmendada, 31 LPRA sec. 1921 *et seq.,* y al Reglamento del Condominio Bella Mare. En particular, rechazó haber dispuesto indebidamente de fondos relacionados con un "Reverse Mortgage", negó responsabilidad por

la remoción y alegada pérdida de los vehículos del señor Piñeiro Deliz, y afirmó que cualquier actuación relacionada con el acceso al apartamento, su limpieza y la administración de los estacionamientos, se efectuó al amparo de órdenes judiciales, resoluciones administrativas previas y facultades legales de la Junta de Directores del Condominio. Asimismo, adujo que las deudas por concepto de cuotas de mantenimiento no habían sido satisfechas, que eran vencidas, líquidas y exigibles, y que no prescribían por gravar el inmueble. En consecuencia, solicitó al foro administrativo que desestimara la *Querella Enmendada* de epígrafe.

El 13 de agosto de 2025, compareció el señor Joel A. Piñeiro Colón, mediante una *Moción Informativa sobre fallecimiento del Sr. Javier Piñeiro D[eliz]*. En esta expresó que su padre, el señor Piñeiro Deliz, había fallecido el 27 de mayo de 2025 en la ciudad de Santo Domingo, República Dominicana. Esbozó que el fenecido había otorgado testamento el 5 de octubre de 2023 y que, mediante la referida escritura, le había designado como su albacea. Ante la situación del fallecimiento del querellante, el señor Piñeiro Colón, planteó que, actuando como albacea testamentario estaba en la posición de continuar el caso, de conformidad con las disposiciones de los Artículos 1739 y 1740 del Código Civil de Puerto Rico de 2020, 31 LPRA secs. 11511 y 11512.

Posteriormente, mediante *Resolución y Orden* emitida el 13 de agosto de 2025 y notificada el 7 de octubre de 2025, el DACo le concedió a la parte recurrente hasta el 15 de septiembre de 2025, para que presentara toda la documentación concerniente a la adjudicación, partición y liquidación del caudal relicto del causante en el cual se demostrara quién, en efecto, era el titular del apartamento 5H del Condominio Bella Mare.

Luego de ciertas incidencias, el 27 de octubre de 2025, el DACo emitió la *Resolución* administrativa que nos ocupa. Mediante

la misma, desestimó la *Querella Enmendada* de epígrafe, ordenando así el cierre y archivo de esta. El Juez Administrativo fundamentó su proceder en que del expediente de la querella de epígrafe surgía un impedimento jurisdiccional para atender la querella. En específico, detalló que en el caso de autos el titular registral del apartamento 5-H del Condominio Bella Mare era el señor Piñeiro Deliz, y que, al fallecer, se abrió una sucesión. Por ello, resolvió que, el caudal relicto del causante debía pasar por un proceso de adjudicación, partición y liquidación y para determinar quién es el titular registral del apartamento en controversia. Así pues, como no constaba en el expediente del DACo quién era el titular registral actual del apartamento, concluyó que no tenía jurisdicción para atender la querella.

Inconforme con lo resuelto, el 30 de noviembre de 2025, la parte recurrente compareció ante nos mediante el presente recurso de revisión administrativa. En el mismo formula el siguiente señalamiento de error:

> Erró el Honorable Foro Administrativo, Departamento de Asuntos del Consumidor, al desestimar la querella número C-SAN-2023-0017605, por falta de jurisdicción por el fallecimiento del SR. JAVIER PÍNEIRO DELIZ (Q.E.P.D.), cuando se le presentó evidencia de la existencia de un albacea adecuadamente designado por testamento, que aceptó el cargo y estaba certificado, siendo éste su apoderado e hijo, el SR. JOEL PINERIO COLÓN, compareciente, quien a su vez, le fue asignada la propiedad objeto de la controversia ante DACO. La propiedad es el apartamento 5-H, del Condominio Bella Mare, finca 18,353BIS, inscrita al folio 4 del tomo 478 de Carolina.

Luego de examinar el expediente de autos y con el beneficio de la comparecencia de las partes de epígrafe, estamos en posición de disponer del presente asunto.

**II**

**A**

Es norma firmemente establecida en el estado de derecho vigente, que los tribunales apelativos están llamados a abstenerse

de intervenir con las decisiones emitidas por las agencias administrativas, todo en deferencia a la vasta experiencia y conocimiento especializado que les han sido encomendados. *Jusino Rodríguez v. Junta de Retiro,* 2024 TSPR 138, 215 DPR ___ (2024); *Otero Rivera v. Bella Retail Group, Inc.,* 214 DPR 473, 484 (2024); *Voili Voilá Corp. v. Mun. Guaynabo,* 213 DPR 743, 753 (2024); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018); *The Sembler Co. v. Mun. de Carolina,* 185 DPR 800, 821-822 (2012); *Asoc. Fcias. v. Caribe Specialty II et al.,* 179 DPR 923, 940 (2010). En este contexto, la Sección 4.5 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, establece el alcance de la revisión judicial respecto a las determinaciones administrativas. A tal efecto, la referida disposición legal expresa como sigue:

> El Tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.
>
> 3 LPRA sec. 9675.

Al momento de revisar una decisión agencial, los tribunales deben ceñirse a evaluar la *razonabilidad* de la actuación del organismo. *Rolón Martínez v. Supte. Policía,* supra; *The Sembler Co. v. Mun. de Carolina,* supra. Nuestro Tribunal Supremo ha definido el referido concepto como aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Rolón Martínez v. Supte. Policía,* supra; *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* 144 DPR 425, 437 (1997). Por tanto, compete a la parte que impugne la legitimidad de lo resuelto por un organismo administrativo, identificar prueba suficiente para

derrotar la presunción de corrección y regularidad que les asiste. *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117, 128 (2019).

A tenor con esta norma, los foros judiciales limitan su intervención a evaluar si la decisión de la agencia es razonable y no si hizo una determinación correcta de los hechos ante su consideración. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* supra. En caso de que exista más de una interpretación razonable de los hechos, el tribunal debe sostener lo concluido por la agencia, evitando sustituir el criterio del organismo por sus propias apreciaciones. *Pacheco v. Estancias,* supra. Ahora bien, esta regla basada en deferencia no es absoluta. La misma cede cuando está presente alguna de las siguientes instancias: (1) cuando la decisión no está fundamentada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la apreciación de la ley, y; (3) cuando ha mediado una actuación irrazonable, o ilegal. *Jusino Rodríguez v. Junta de Retiro,* supra; *Otero Rivera v. Bella Retail Group, Inc.,* supra; *Voili Voilá Corp. v. Mun. Guaynabo,* supra; *Costa Azul v. Comisión,* 170 DPR 847, 853 (2007).

Por otro lado, sabido es que las reglas y reglamentos aprobados por las agencias administrativas constituyen normas de carácter general, que ejecutan la política pública en la que descansa la función de determinado organismo. 3 LPRA sec. 9603 (m). Nuestro ordenamiento jurídico reconoce el valor vinculante de los preceptos estatuidos por una agencia por lo que su cumplimiento le es plenamente oponible a la ciudadanía. Ahora bien, en el referido fundamento descansa la afirmación en cuanto a que las agencias administrativas están, por igual, obligadas a observar con fidelidad su cumplimiento, no quedando a su arbitrio el reconocer los derechos allí incluidos. *Torres v. Junta Ingenieros,* 161 DPR 696, 704 (2004); *Com. Vec. Pro. Mej., Inc. v. J.P.,* 147 DPR 750, 761 (1999).

**B**

De otra parte, es sabido que el Departamento de Asuntos del Consumidor, es el organismo administrativo llamado a vindicar e implementar los derechos de los consumidores en Puerto Rico. Artículo 3 de la *Ley Orgánica del Departamento de Asuntos del Consumidor*, Ley Núm. 5 de 23 de abril de 1973, 3 LPRA sec. 341b. En el ejercicio de esa encomienda, la agencia cuenta con la facultad legal para establecer una estructura de adjudicación administrativa que le permita disponer de las querellas sometidas a su consideración, ello a tenor con las leyes vigentes y, por ende, conceder los remedios que en derecho procedan. 3 LPRA sec. 341e(d). En lo pertinente al caso ante nuestra consideración, dicha autoridad adjudicativa se extiende a ciertos asuntos relacionados con el Régimen de Propiedad Horizontal, pues el Secretario cuenta con facultad legal para atender, investigar y resolver reclamaciones vinculadas a actuaciones u omisiones de juntas de directores de condominios. Artículo 65 de la *Ley de Condominios*, Ley Núm. 129-2020, 31 LPRA sec. 1923j.

En la consecución de las facultades que le fueron arrogadas, el Departamento de Asuntos al Consumidor aprobó el Reglamento de Procedimientos Adjudicativos, Reglamento Núm. 8034 de 14 de junio de 2011 (en adelante, Reglamento 8034), mediante el cual implantó un sistema de reglas dirigido a procurar la solución justa, rápida y económica de las querellas sometidas a su consideración, a través de un procedimiento uniforme de adjudicación. En lo pertinente, es meritorio mencionar que el Reglamento 8034 acoge en su Regla 19 un mecanismo de sustitución de partes y solicitud de intervención, después de presentada una querella. La misma establece:

Regla 19 – Sustitución de Partes y Solicitud de Intervención

19.1. Se podrá sustituir las partes em cualquier momento después de radicada la querella de acuerdo a las normas provistas por las Reglas de Procedimiento Civil de Puerto Rico de 2009, según enmendadas.

A tenor con lo anterior, la Regla 22.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 22.1, regula la sustitución de partes por causa de muerte, disponiendo lo siguiente:

(a) Si una parte fallece y la reclamación queda por ello extinguida, se dictará sentencia para desestimar el pleito.

(b) Si una parte fallece y la reclamación no queda por ello extinguida, cualquiera de las partes en el procedimiento o sus abogados o abogadas notificarán el fallecimiento al tribunal y a las otras partes dentro del término de treinta (30) días, contados desde la fecha cuando se conozca tal hecho. El tribunal, a solicitud hecha dentro de los noventa (90) días siguientes a la fecha de dicha notificación, ordenará la sustitución de la parte fallecida por las partes apropiadas. Los y las causahabientes o representantes podrán presentar la solicitud de sustitución del finado o de la finada, y dicha solicitud se notificará a las partes en la forma dispuesta en la Regla 67 y a las que no lo sean en la forma que dispone la Regla 4. La demanda se enmendará a los únicos fines de conformar la sustitución e incorporar las nuevas partes al pleito. Transcurrido el término sin que se haya solicitado la sustitución, se dictará sentencia para desestimar el pleito sin perjuicio.

(c) De fallecer una o más partes demandantes, o uno o más partes demandadas, que fueron partes en un pleito en que el derecho reclamado subsista sólo a favor de las demandantes o contra las partes demandadas que sobrevivan, el pleito no finalizará. Se notificará al tribunal el hecho de la muerte y el pleito continuará a favor o contra las partes sobrevivientes. Regla 22.1 de Procedimiento Civil, *supra*, R. 22.1.

Como se aprecia, la Regla 22.1 de Procedimiento Civil, *supra*, atiende el interés público de que los asuntos en los tribunales se solucionen de forma expedita para evitar el perjuicio que la dilación pueda causar a las partes. *Vilanova et al. v Vilanova et al.,* 184 DPR 824 (2012), citando a *Echevarría Jiménez v. Sucn. Pérez Meri,* 123 DPR 664, 685 (1989). De esta manera, luego de que se ordene la sustitución, las partes no quedan desprovistas, pues se colocan en "los mismos zapatos" que la parte sustituida. *Pino Development Corp. v. Registrador,* 133 DPR 373, 388 (1993).

Por otra parte, *en Ruiz Mattei v. Commercial Equipment Finance, Inc.,* 214 DPR 407, 418 (2024), nuestro Tribunal Supremo ha detallado que es la **sucesión** quien está llamada a sustituir a su causante cuando al momento de fallecer, este era parte en una causa civil pendiente. Así, los sucesores están llamados a ocupar, por la ley o por el testamento, la posición jurídica en la que se encontraba su causante antes de haber fallecido. *Íd.*, págs. 417-418. Para viabilizar esta sustitución de parte, existe en nuestro ordenamiento procesal la precitada Regla 22.1 de Procedimiento Civil, supra. *Íd.*, pág. 418.

**III**

En el recurso ante nuestra consideración, en esencia, la parte recurrente sostiene que erró el DACo al desestimar la querella de epígrafe por alegada falta de jurisdicción. Ello, al concluir que, tras el fallecimiento del señor Piñeiro Deliz, la tramitación del caso no podía continuar sin que mediara previamente un proceso de partición y liquidación de la herencia, a los fines de identificar el titular del inmueble objeto de la controversia. Habiendo examinado dicho señalamiento a la luz del derecho aplicable y de las particularidades del caso ante nuestra consideración, resolvemos revocar la resolución recurrida.

Según esbozáramos previamente, los procedimientos adjudicativos ante el Departamento de Asuntos del Consumidor se rigen por el Reglamento 8034. El referido cuerpo reglamentario establece, en su Regla 19, que la sustitución de partes puede efectuarse en cualquier momento luego de radicada la querella, conforme a las normas provistas por las Reglas de Procedimiento Civil. A esos fines, la Regla 22.1 de Procedimiento Civil, *supra*, regula la sustitución de partes por causa de muerte y establece que, cuando la reclamación no se extingue, el pleito debe continuar mediante la sustitución de la parte fallecida por las partes apropiadas. Sabido es que, nuestro ordenamiento jurídico reconoce

que es la **sucesión** quien está llamada a sustituir a su causante cuando al momento de fallecer, este era parte en una causa civil pendiente. Esto debido a que en "la sucesión que se produce por razón del fallecimiento del causante, el sucesor está llamado a ser deudor, acreedor, dueño, poseedor, nudo propietario, arrendador o arrendatario, tal y como lo era el sucedido". *Ruiz Mattei v. Commercial Equipment Finance, Inc.,* supra, pág. 417.

En el caso ante nuestra consideración, según surge de la *Querella Enmendada* presentadas ante el DACo, el señor Javier O. Piñeiro Deliz promovió reclamaciones dirigidas al resarcimiento de daños económicos, daños por angustias mentales, así como a la revisión y ajuste de cargos y cuotas de mantenimiento imputadas como resultado de las actuaciones y omisiones de la Junta de Directores del Condominio Bella Mare. Tales reclamaciones persiguen la reparación de un menoscabo patrimonial alegadamente sufrido, así como la corrección de partidas económicas que inciden directamente sobre el caudal hereditario del causante. Por su propia naturaleza, estos reclamos no se extinguen con el fallecimiento del causante ni revisten carácter personalísimo para su adjudicación, sino que constituyen derechos de crédito susceptibles de valoración pecuniaria que subsisten y se transmiten a su sucesión. Por ello, el hecho de que no se hubiese llevado a cabo la partición, liquidación y adjudicación de la herencia no privaba al foro administrativo de jurisdicción para atender la controversia ni justificaba la desestimación de la querella. Tal cual esbozado, nuestro ordenamiento procesal dispone que lo procedente es permitir la sustitución del causante por su sucesión, antes de desestimar el pleito.

Al desestimar la querella por falta de jurisdicción, sin conceder oportunidad para efectuar la sustitución del causante por su sucesión, el DACo incurrió en una actuación carente de respaldo

legal. El dictamen en cuestión es incorrecto en derecho, condición que hace que el ejercicio de nuestras funciones supere la norma de deferencia respecto a los pronunciamientos emitidos por un organismo administrativo. Siendo así, revocamos la *Resolución* recurrida y devolvemos el caso al foro administrativo para que permita a la parte recurrente enmendar la querella, a los fines de incluir a la sucesión del señor Javier O. Piñeiro Deliz como parte querellante.

**IV**

Por los fundamentos que anteceden, se revoca la resolución administrativa recurrida.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones